43 So.2d 433

### FARMER v. STATE.
#### I Div. 589.

Court of Appeals of Alabama.
Dec. 20, 1949.

Wm. C. Taylor, of Mobile, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This prosecution originated in the Inferior Criminal Court of Mobile County upon an affidavit which charged that the defendant did threaten to kill or is about to commit an offense on the person of A. E. Nall, etc.

In said court it was adjudged that the accused be placed under a $1,000 bond to keep the peace. From such judgment an appeal was taken to the circuit court where the case was tried, upon agreement of parties, on the original affidavit.

In the circuit court certain demurrers to the affidavit were interposed and overruled by the court. The case was tried by the court without a jury, and appellant was adjudged guilty of the offense charged and required to give bond in the sum of $1,000 to keep the peace, and failing to make such peace bond, it was ordered that appellant be imprisoned in the county jail. From such judgment this appeal was taken.

The evidence for the State tended to show that on the night of November 19, 1948, this appellant was arrested by one A. E. Nall, a game warden. Game warden Nall testified that at the time of the arrest appellant made threats against his life, called him foul names, and stated that he was going to kill him. The accused testified as a witness in his own behalf and denied having made the threats against Nall as testified to by him. Thus a direct conflict in the evidence appears. This case was tried by an able judge, with extended experience, and in whose judgment great weight should be accorded. The well established rule is that the reviewing court on appeal has no authority to reverse a judgment of the lower court on the facts where the case was tried without a jury unless there is a manifest want of evidence to support it. We are therefore unable to sustain the insistence of appellant's earnest counsel to the effect that the evidence adduced upon the trial was not sufficient upon which to support the judgment appealed from.

The demurrer to the affidavit was overruled without error. The affidavit was in the exact language of the Statute, and was also in the form prescribed in the Code. Code 1940, Tit. 15, §§ 401, 402. Several other exceptions were taken to the rulings of the court pending the trial. These have been examined and no error appears in either of them.

No error calculated to injuriously affect the substantial rights of the appellant appearing, it follows that the judgment appealed from is due to be affirmed. It is so ordered.

Affirmed.